**MORGAN, LEWIS & BOCKIUS LLP**
(Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, NJ 08540-6241
Michelle Silverman
Nitin Sharma
Phone: (609) 919-6512
Fax: (609) 919-6701
Attorneys for Defendant
Eberle & BCI Services, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAIRE MORRIS,<br><br>        Plaintiff,<br><br>        vs.<br><br>EBERLE & BCI, LLC,<br><br>        Defendant. | Civ. Action No. 1:13-cv-06113-NLH-AMD<br><br>RETURN DATE: January 21, 2014<br><br>ORAL ARGUMENT REQUESTED<br><br>*ELECTRONICALLY FILED* |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**On the Brief:**

Michelle S. Silverman
Nitin Sharma

## TABLE OF CONTENTS

                                                                                                        **Page**

I.     PRELIMINARY STATEMENT ................................................................................. 1

II.    BRIEF STATEMENT OF RELEVANT ALLEGATIONS ............................................. 2

III.   STANDARD OF REVIEW ........................................................................................... 3

IV.   ARGUMENT.................................................................................................................. 4

        A.     Plaintiff's NJ LAD Claims are Barred As a Matter of Law by the Federal Enclave Doctrine and Therefore Must Be Dismissed............................................. 4

        B.     Plaintiff's ADAAA Claim Must be Dismissed Because She Failed to Timely File a Charge with the EEOC .................................................................. 7

V.    CONCLUSION.............................................................................................................. 9

...

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009) ........................................................................................................3, 4

*Brookhaven Science Assocs., LLC v. Donaldson*,
   No. 04-4013, 2007 WL 2319141 (S.D.N.Y. Aug. 9, 2007) ....................................................7

*Celli v. Shoell*,
   995 F. Supp. 1337 (D. Utah 1998) ..........................................................................................5

*Cummings v. Brookhaven Sci. Assocs., LLC*,
   No. 11-1299, No. 2011 WL 6371753 (E.D.N.Y. Dec. 20, 2011) .......................................2, 8

*Dezaio v. Port Auth. of NY & NJ*,
   205 F.3d 62 (2d Cir. 2000) .................................................................................................2, 8

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ...............................................................................................3, 4

*Ft. Leavenworth R. Co. v. Lowe*,
   114 U.S. 525 (1885) ................................................................................................................5

*Hedges v. United States*,
   404 F.3d 744 (3d Cir. 2005) ....................................................................................................3

*Hilburn v. Dep't of Corr.*,
   No. 07-06064, 2010 WL 703202 (D.N.J., Feb. 23. 2010) ......................................................3

*Hooda v. Brookhaven Nat'l. Lab.*,
   659 F. Supp. 2d 382 (E.D.N.Y. 2009) ....................................................................................7

*Humble Pipe Line Co. v. Waggonner*,
   376 U.S. 369 (1964) ................................................................................................................5

*James v. Dravo Contracting Co.*,
   302 U.S. 134 (1937) ................................................................................................................5

*Kelly v. Lockheed Martin Servs. Grp.*,
   25 F. Supp. 2d 1 (D.P.R. 1998) ..........................................................................................4, 6

*Klausner v. Lucas Film Entm't Co.*,
   No. 09-03502, 2010 WL 1038228 (N.D. Cal. Mar. 19, 2010) ................................................6

*Liu v. Donahoe*,
   No. 11-00086, 2011 WL 3240477 (D. Haw. July 27, 2011) ..................................................7

*MacDonald v. Grace Church Seattle*,
   457 F.3d 1079 (9th Cir. 2006) ................................................................................................8

DB1/ 76604428.4

# TABLE OF AUTHORITIES

Page(s)

*Malleus v. George*,
    641 F.3d 560 (3d Cir. 2011)..................................................................................3

*Manning v. Gold Belt Falcon, LLC*,
    681 F. Supp. 2d 574 (D.N.J. 2010).....................................................................4, 6

*Paul v. United States*,
    371 U.S. 245 (1963)...........................................................................................4, 5

*Schiappa v. Brookhaven Sci. Assocs., Inc.*,
    403 F. Supp. 2d 230 (E.D.N.Y. 2005)...............................................................5, 7

*Snow v. Bechtel Constr., Inc.*,
    647 F. Supp. 1514 (C.D. Cal. 1986)..................................................................6, 7

*State v. Vogt*,
    342 N.J. Super. 368 (App. Div. 2001)...................................................................5

*Stiefel v. Bechtel Corp.*,
    497 F. Supp. 2d 1138 (S.D. Cal. 2007)..................................................................6

*Stuckstede v. NJVC LLC*,
    No. 09-0663, 2010 WL 234953 (E.D. Mo. Jan. 15, 2010)....................................7

*Sundaram v. Brookhaven Nat'l Labs.*,
    424 F. Supp. 2d 545 (E.D.N.Y. 2006)...............................................................5, 7

*Vernon v. Port Auth. of NY & NJ*,
    154 F. Supp. 2d 844 (S.D.N.Y. 2001)....................................................................8

*Welch v. Southern Ca. Edison*,
    378 F. App'x 621 (9th Cir. 2010)...........................................................................6

## STATUTES

U.S. Const. art. I, § 8, cl. 17..............................................................................................5

42 U.S.C. § 2000e-5(e)(1)..............................................................................................7, 8

42 U.S.C. § 12117(a)......................................................................................................7, 8

N.J.S.A. § 10:5-1..................................................................................................................6

N.J.S.A. § 52:30-1............................................................................................................2, 5

N.J.S.A. § 52:30-2..................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

### OTHER AUTHORITIES

29 C.F.R. § 1601.13(a)(2) ................................................................................................8

Fed. R. Civ. P. 12(b)(6) ................................................................................................3, 9

Defendant Eberle & BCI Services, LLC ("Eberle") (incorrectly identified in the Complaint as "Eberle and BCI, LLC") submits this memorandum of law in support of its Motion to Dismiss Plaintiff Claire Morris's ("Plaintiff" or "Morris") Complaint. For the reasons set forth below, the Court should dismiss the Complaint in its entirety with prejudice.

## I. PRELIMINARY STATEMENT

Plaintiff Claire Morris was formerly employed as a Cook 2 with Eberle & BCI Services, LLC ("Eberle" or "Defendant"), a government contractor that provides food services to the United States Military on Fort Dix. *See* Complaint, ¶12, attached to the Declaration of Nitin Sharma ("Sharma Decl.") as Exhibit A. Ms. Morris was terminated by Eberle for insubordination, not for any discriminatory reason. Nevertheless, on October 14, 2013 she filed a Complaint alleging that Eberle had violated the New Jersey Law Against Discrimination ("LAD") and Americans With Disabilities Act Amendments Act ("ADAAA") by discharging her on the basis of her disability and retaliating against her after she complained. *See* Complaint ¶¶23-28.

Plaintiff's Complaint should be dismissed in its entirety with prejudice. To begin, Plaintiff's New Jersey LAD claims cannot survive because they are barred by the Federal Enclave Doctrine, which requires the dismissal of state claims arising out of activities that took place on land that lies within the exclusive jurisdiction of the federal government, like Fort Dix. In turn, Plaintiff's federal ADAAA claim must be dismissed with prejudice, as she failed to exhaust her administrative remedies in a timely fashion because she filed her charge with the Equal Employment Opportunity Commission ("EEOC") on December 31, 2012, which is 240 days after her termination–and not within the within the 180-day period applicable to ADAAA claims brought by individuals whose employers are not subject to state anti-discrimination laws

1

because of the federal enclave doctrine. *See Cummings v. Brookhaven Sci. Assocs., LLC*, No. 11-1299, 2011 WL 6371753 (E.D.N.Y. Dec. 20, 2011) (180-days is the applicable limitations period for EEOC Charges filed against employers operating on federal enclaves); *accord Dezaio v. Port Auth. of NY & NJ*, 205 F.3d 62 (2d Cir. 2000) ("[u]nfortunately for plaintiff it is the shorter [180-day] period that applies to his case because his employer, the Port Authority of New York and New Jersey, is not subject to the discrimination laws of New York.").

For these reasons, and those set forth more fully below, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

## II.     BRIEF STATEMENT OF RELEVANT ALLEGATIONS

Eberle is a government contractor that operates exclusively on Fort Dix, a military base owned and operated by the federal government, to provide food services to United States troops. *See* Declaration of Bart Perry in Support of Defendants' Motion to Dismiss, ¶2 (hereinafter "Perry Decl."); *N.J.S.A.* § 52:30-1. Eberle performs only one of many federal functions on the base. Perry Decl. ¶2. Plaintiff alleges that she was hired by Eberle in or about 2007 to prepare food for military personnel at Fort Dix, New Jersey. *See* Complaint, ¶11.[1] Plaintiff claims that in or about 2008, she suffered a workplace injury wherein she inhaled some type of kitchen gas and subsequently developed asthma and other unspecified respiratory problems. *Id.* ¶13. According to the Complaint, Plaintiff requested that Eberle accommodate these medical problems by eliminating essential functions of her job, including the requirement that she work in the dining room and that she operate the grill and steam table. *Id.* ¶¶15-16. Eberle granted

---

[1]  Defendants assume the truth of the facts set forth in the Complaint for the purposes of this motion only. However, Plaintiff's allegation that she was hired by Eberle & BCI Services, LLC in 2007 cannot be accurate, as Eberle & BCI Services, LLC did not come into existence until 2008.

these requests for nearly four years, but – according to the Complaint – in early 2012, asked Plaintiff to provide further medical documentation to support her continuing request. *Id.* ¶¶17-21. Plaintiff alleges that she complained to management about her work assignments and the request for medical information, and was terminated shortly thereafter in retaliation on or about May 5, 2012. *Id.* ¶¶20, 22. While Eberle vigorously disputes this allegation (Plaintiff was actually terminated for insubordination), the reason for her termination has no bearing on the instant motion. Plaintiff's state law claims are absolutely barred by the Federal Enclave Doctrine. Additionally, Plaintiff's ADAAA claim is unquestionably barred because she did not file her EEOC Charge was filed on December 31, 2012—240 days after her termination – well after the applicable 180-day limitations period had elapsed.[2] *See* Plaintiff's EEOC Charge, attached as Ex. B to Sharma Decl.

### III. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1947 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). However, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts

---

[2] The EEOC Charge may be considered here on a motion to dismiss because it is integral to Plaintiff's Complaint, a matter of public record. *See Hilburn v. Dep't of Corr.*, No. 07-06064, 2010 WL 70302 (D.N.J. Feb. 23. 2010).

have been identified and the conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 1949). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194). A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *See id.*

## IV. ARGUMENT

### A. Plaintiff's NJ LAD Claims are Barred As a Matter of Law by the Federal Enclave Doctrine and Therefore Must Be Dismissed.

As an employee of Defendant Eberle & BCI Services, LLC, Plaintiff performed all of her work on Fort Dix, a military base owned and operated by the federal government. *See* Perry Decl. ¶¶2-3. Likewise, all of Eberle's operations are performed on Fort Dix. *Id.* ¶4. As such, Plaintiff's claims are barred by the Federal Enclave Doctrine, which bars state regulation of activities that take place on land ceded by a state to the federal government. *Paul v. United States*, 371 U.S. 245, 263-65 (1963). Specifically, this Doctrine holds that no state law will be enforceable inside a federal enclave unless the law (or a relevant predecessor) was in existence at the time the land was ceded to the federal government, or Congress has taken action to make a newer state law enforceable. *Id.*; *see also Manning v. Gold Belt Falcon, LLC*, 681 F. Supp. 2d 574, 576 (D.N.J. 2010) (citing *Kelly v. Lockheed Martin Servs. Grp.*, 25 F. Supp. 2d 1, 6 (D.P.R. 1998)).

The Doctrine of Federal Enclave is rooted in Article I of the United States Constitution, which provides:

> The Congress shall have Power … To exercise exclusive Legislation … over all Places purchased by the consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, doc-Yards, and other needful Buildings …

U.S. Const. art. I, § 8, cl. 17 ("the Federal Enclave Clause"). Military bases are unquestionably covered by this clause, and courts have specifically held that state claims against private employers operating on federal enclaves must be dismissed. *Humble Pipe Line Co. v. Waggonner,* 376 U.S. 369, 371-72 (1964); *Paul,* 371 U.S. at 247; *Celli v. Shoell,* 995 F. Supp. 1337, 1341-42 (D. Utah 1998); *Sundaram v. Brookhaven Nat'l Labs.,* 424 F. Supp. 2d 545, 570 (E.D.N.Y. 2006).

The State of New Jersey ceded "Camp Dix," now called Fort Dix, to the federal government on June 14, 1938. *N.J.S.A.* § 52:30-1. The federal government has used the property without interruption as a military base since that time, and is presumed to have accepted jurisdiction from New Jersey. *See State v. Vogt,* 342 N.J. Super. 368 (App. Div. 2001) (holding that the federal government is presumed to have accepted jurisdiction over land ceded before 1940).[3] Indeed, this Court has explicitly held that Fort Dix is in fact a federal enclave, and that

---

[3] New Jersey granted the federal government exclusive jurisdiction over Fort Dix "for all purposes except the service of process issued out of any of the courts of this state in any civil or criminal proceeding." *N.J.S.A.* § 52:30-2. This is a commonly used reservation of jurisdiction. It applies narrowly to the actual service of process, and is designed to prevent federal enclaves from becoming "sanctuar[ies] for fugitives from justice." *James v. Dravo Contracting Co.,* 302 U.S. 134, 146-47 (1937); *Schiappa v. Brookhaven Sci. Assocs., Inc.,* 403 F. Supp. 2d 230 (E.D.N.Y. 2005) (citing *Ft. Leavenworth R. Co. v. Lowe,* 114 U.S. 525, 533 (1885)); *Celli v. Shoell,* 995 F. Supp. 1337, 1341-42 (D. Utah 1998). Thus, New Jersey has not retained jurisdiction over any substantive area of law within Fort Dix. It follows that all state laws passed after 1938 do not apply within the enclave.

claims based on state laws passed after 1938 are therefore barred. *Manning*, 681 F. Supp. 2d at 5.

The instant case is on all fours with the District Court's decision in *Manning v. Gold Belt Falcon*. There, Judge Irenas dismissed state wage and hour claims brought against a government contractor that assisted the military at Fort Dix – the very federal enclave at issue in this case. *Manning*, 681 F. Supp. 2d at 575. The state law under which the plaintiffs sought recovery had been enacted in 1966, after Fort Dix had been ceded. *Id.* at 576, n.3. The court held that because the plaintiffs had failed to demonstrate a clear and unambiguous Congressional intent for the state law to apply to federal enclaves, the Federal Enclave Doctrine precluded the plaintiffs' claims against the government contractor. *Id.* at 576-77.

This case presents an identical situation and demands the same result. Plaintiff Claire Morris was employed by Eberle, a government contractor that provides food services to the U.S. Military at Fort Dix. Here, as in *Manning*, it is beyond dispute that the state law at issue was enacted after Fort Dix became a federal enclave – indeed, the LAD was enacted in 1945, seven years after Fort Dix was ceded. *N.J.S.A.* § 10:5-1. Further, there is no argument that Congress somehow intended for the LAD to apply to federal enclaves.[4]

---

[4] For the LAD claims to survive this motion, Plaintiff would have to demonstrate that Congress "clearly and unambiguously" intended for state antidiscrimination laws to apply to federal enclaves. *See Manning*, 681 F. Supp. 2d at 5. Plaintiff has not so pled in her Complaint – nor, indeed, can she. No Congressional statute has been passed to permit state antidiscrimination statutes to be enforced on federal enclaves. *Kelly*, 25 F. Supp. 2d at 5. Indeed, numerous other jurisdictions have held that state discrimination statutes are inapplicable even to private employers when operating on federal enclaves. *See, e.g., Welch v. Southern Ca. Edison*, 378 F. App'x 621, 623 n.5 (9th Cir. 2010) (state age discrimination and retaliation claims barred); *Klausner v. Lucas Film Entm't Co.*, No. 09-03502, 2010 WL 1038228, at *4 (N.D. Cal. Mar. 19, 2010) (granting motion to dismiss state age discrimination and retaliation claims arising out of alleged unlawful acts that took place on a federal enclave); *Stiefel v. Bechtel Corp.*, 497 F. Supp. 2d 1138, 1148–49 (S.D. Cal. 2007) (wrongful termination claim barred); *Snow v. Bechtel Constr., Inc.*, 647 F. Supp. 1514, 1521

The Federal Enclave Doctrine has been consistently applied to bar the application of state discrimination statutes – just like the LAD – against private employers operating on federal enclaves. *Sundaram v. Brookhaven Nat'l Labs.*, 424 F. Supp. 2d 545, 570 (E.D.N.Y. 2006). *See also* fn 4, *supra*. As such, it is unquestionable that the Federal Enclave Doctrine mandates that Plaintiff's LAD claims must be dismissed with prejudice. *See Schiappa*, 403 F. Supp. 2d 230 (holding that discrimination claims brought under the New York Human Rights Law were barred by the Federal Enclave Doctrine).

    **B.**    **Plaintiff's ADAAA Claim Must be Dismissed Because She Failed to Timely File a Charge with the EEOC.**

Plaintiff's federal ADAAA claim cannot survive Eberle's motion to dismiss because she unquestionably failed to meet the 180-day limitations period for filing her EEOC Charge that is applicable to employers operating on Federal Enclaves. Ordinarily, as a prerequisite to filing an ADAAA claim, a plaintiff must file an administrative charge with the EEOC within 180 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a). The exception to this requirement is that a 300-day limitations period applies if the claimant has instituted proceedings with a state anti-discrimination agency that has jurisdiction over the employer and the subject matter of the charge – which is not the case on a federal enclave. If the agency lacks the appropriate jurisdiction over the employer, a plaintiff has only 180 days to file a charge with the EEOC. *See also* 42 U.S.C. § 2000e-5(e)(1) (applying 300-day filing period only if

---

(C.D. Cal. 1986) (state law wrongful discharge and retaliation claims barred); *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 388 (E.D.N.Y. 2009) (state race discrimination claims barred); *Brookhaven Science Assocs., LLC v. Donaldson*, No. 04-4013, 2007 WL 2319141, at *7 (S.D.N.Y. Aug. 9, 2007) ("state anti-discrimination statutes are not applicable on federal enclaves"); *Liu v. Donahoe*, No. 11-00086, 2011 WL 3240477, at *4 n.1 (D. Haw. July 27, 2011) ("state discrimination statutes are inapplicable even to private employers when on federal enclaves"); *Stuckstede v. NJVC LLC,* No. 09-0663, 2010 WL 234953, at * 1 (E.D. Mo. Jan. 15, 2010) (state common law whistleblowing and state discrimination claims barred).

proceedings are initially instituted with a State or local agency "with authority to grant or seek relief from such practice"); 42 U.S.C. § 12117(a).

This issue was addressed head-on in *Dezaio v. Port Authority of NY & NJ*, 205 F.3d 62, 64-66 (2d Cir. 2000). There, the Court examined the timeliness of a claim filed by an employee fourteen days prior to the expiration of the 300-day limitations period to file her EEOC Charge. *Id.* The Court held that even though the claim accrued in New York, which, like New Jersey, has an anti-discrimination law and a State enforcement agency, the employee's charge was subject to a 180-day limitations period because he worked for an employer that was not subject to the New York State anti-discrimination laws. *Id.* at 64. The Court held that, because of the lack of jurisdiction by New York over the employer, "that employer is to be viewed as if it were in a non-deferral State." *Id.* at 65 (citing 29 C.F.R. § 1601.13(a)(2) ("[a] jurisdiction having a FEP agency without subject matter jurisdiction over a charge . . . is equivalent to a jurisdiction having no FEP agency")). Therefore, any employee with a claim against an employer which is not subject to the jurisdiction of a state anti-discrimination agency must file a charge no later than 180-days following the alleged wrongdoing. *Id.* at 64-66; *see also Vernon v. Port Auth. of NY & NJ*, 154 F. Supp. 2d 844, 850 (S.D.N.Y. 2001) (holding that, because the Port Authority was not subject to the jurisdiction of New York state anti-discrimination laws or agency, plaintiff's discrimination claims were subject to a 180-days limitations period); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1088 (9th Cir. 2006) (applying 180-day limitations period because defendant-employer was not subject to jurisdiction of state anti-discrimination law); *Cumming v. Brookhaven Sci. Assocs, LLC*, No. 11-1299, 2011 WL 6371753 (E.D.N.Y. Dec. 20, 2011) (**holding that the 180-day limitations period applies for Charges asserting claims against an employer that is operating on a Federal Enclave**).

Eberle operates on a federal enclave. The state of New Jersey's Division on Civil Rights has no jurisdiction over Eberle's employment practices on Fort Dix, and the LAD is inapplicable to Eberle. As such, Plaintiff must be treated as an employee in a non-deferral state and, accordingly, her ADA claims are subject to a 180-day limitations period. Because Plaintiff filed her Charge on December 31, 2012—240 days after her termination on or about May 5, 2012—her ADA claim must be dismissed as untimely. *See supra*, at 3.

## V. <u>CONCLUSION</u>

Even if all of the allegations in Plaintiff's Complaint are accepted as true, in accordance with the appropriate standard of review under Fed. R. Civ. P. 12(b)(6), her LAD claims are barred by the Federal Enclave Doctrine, and her ADAAA claims are barred because her Charge was filed outside of the 180-day statute of limitations period. For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

*/s/ Nitin Sharma*
Michelle S. Silverman
Nitin Sharma

Dated: December 16, 2013

**MORGAN, LEWIS & BOCKIUS LLP**
Attorneys for Defendant
Eberle & BCI Services, LLC