# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

CLAIRE MORRIS                          Civ. No. 1:13-06113 (NLH/AMD)

       Plaintiff,

     v.                                **OPINION**

EBERLE & BCI, LLC,

       Defendant.

_____

<u>Appearances:</u>

Jeremy M. Cerutti
Karpf, Karpf & Cerutti, P.C.
3331 Street Road, Suite 128
Two Greenwood Square
Bensalem, Pennsylvania 19020

_Counsel for Plaintiff Claire Morris_

Michelle Seldin Silverman
Morgan Lewis & Bockius
502 Carnegie Center
Princeton, New Jersey 08540

_Counsel for Defendant Eberle & BCI Services, LLC_

**<u>HILLMAN, District Judge</u>**

     Before the Court is Defendant Eberle & BCI Services, LLC's ("Eberle") Motion [Doc. No. 6] to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  For the

reasons expressed below, Defendant's motion will be granted.

## I.   Jurisdiction

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331 because the claim arises under the laws of the United States.  Specifically, Plaintiff alleges violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101-12213.  Furthermore, the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim because it arises out of the same circumstances and is based upon a common nucleus of operative fact.

## II.  Background

Plaintiff was employed by Defendant Eberle, a company that provides kitchen, food cleaning, and food services for members of the army base at Fort Dix in New Jersey.  (Pl.'s Compl. [Doc. No. 1] ¶ 8.)  According to the Complaint, Plaintiff suffered a workplace injury in which she inhaled a noxious substance and thereafter developed asthma and other respiratory problems. (Id. ¶ 3.)  Accordingly, she asked Defendant to eliminate certain aspects of her job in order to accommodate her health problems.  (Id. ¶¶ 15-17.)  The Complaint alleges that Eberle initially accommodated her, but that it stopped doing so in early 2012 after a change in management.  (Id. ¶¶ 13, 20-21.) Plaintiff further alleges that Defendant terminated her one day after she complained to the new management about the lack of

accommodation.  (Id. ¶ 22.)

Plaintiff filed suit against Eberle in New Jersey Superior Court, alleging that Eberle violated the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. §§ 10:5-1 to -49, when it discharged her because of her known disabilities, her perceived disabilities, her record of impairment, and in retaliation for requesting accommodation and complaining about Defendant's failure to provide such accommodations.  (Pl.'s Resp., Ex. A [Doc. No. 8-1] ¶¶ 20, 23.)

Plaintiff also filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") on or about December 31, 2012, alleging that the Defendant's conduct violated the ADA.  (Id. Ex. B [Doc. No. 8-2].)  On August 27, 2013, the EEOC issued Plaintiff a right-to-sue letter, permitting Plaintiff to bring her ADA claim in federal court.  (Id. Ex. C [Doc. No. 8-3].)  Plaintiff then exercised her right under N.J. Ct. R. 4:37-1(a) to dismiss her state court action without prejudice and filed a new action in federal court alleging violations of the NJLAD and the ADA.  (Id. Ex. D [Doc. No. 8-4]; Pl.'s Compl. [Doc. No. 1].)

Defendant has now moved to dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Def.'s Br. in Supp. of Mot. [Doc. No. 6-1] (hereinafter "Def.'s Br.") 2.)  Defendant asserts that

3


Plaintiff's NJLAD claim is prohibited by the Federal Enclave Doctrine and that her ADA claim cannot survive because she failed to timely file her EEOC charge.  (<u>Id.</u> at 3.)

## III. Standard for Motion to Dismiss Under Rule 12(b)(6)

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  <u>Bogosian v. Gulf Oil Corp.</u>, 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks

"'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail in the coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus:

'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion may only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment

motion pursuant to Rule 56.  Fed. R. Civ. P. 12(d).

## IV.  Analysis

Eberle argues that both Plaintiff's NJLAD claim and her ADA claim should be dismissed.  Eberle contends that Plaintiff's NJLAD claim is barred by the Federal Enclave Doctrine and that her ADA claim must be dismissed because she did not file her EEOC discrimination charge within the 180-day limitation period. (Def.'s Br. 1.)  Plaintiff did not respond to Defendant's argument regarding the NJLAD claim, but she has opposed dismissal of the ADA claim.  Plaintiff argues that the extended 300-day limitation period should apply or, in the alternative, that the 180-day period should be equitably tolled.  (Pl.'s Br. in Opp'n [Doc. No. 8] (hereinafter "Pl.'s Br.") 4.)

### A. Plaintiff's NJLAD Claim is Barred by the Federal Enclave Doctrine

The Federal Enclave Clause of the United States Constitution grants the United States exclusive legislative jurisdiction over any parcel of land ceded by a state to the federal government "for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."  U.S. CONST. art. 1, § 8, cl. 17 ("the Federal Enclave Clause").  The Supreme Court has interpreted this clause as generally barring state regulation of activities that take place on land held by the federal government that was given, deeded, or ceded by a state.

Paul v. United States, 371 U.S. 245, 263-65 (1963); Goodyear Atomic Corp. v. Miller, 486 U.S. 174, 180 (1988). However, a state law applies to federal enclaves if: (1) the law was in existence at the time the land was ceded to the federal government, or (2) Congress specifically authorized its enforcement within federal enclaves. Paul, 371 U.S. at 263, 265; see also Manning v. Gold Belt Falcon, LLC, 681 F. Supp. 2d 574, 576 (D.N.J. 2010) (citing Kelly v. Lockheed Martin Servs. Grp., 25 F. Supp. 2d 1, 6 (D.P.R. 1998).

Here the Federal Enclave Doctrine clearly bars Plaintiff's NJLAD claim. Plaintiff alleges she worked for Eberle at Fort Dix, a military base in New Jersey. (Pl.'s Compl. [Doc. No. 1] ¶ 12.) The State of New Jersey ceded exclusive jurisdiction over Fort Dix to the federal government in 1938, and the NJLAD was enacted seven years later in 1945. Manning, 681 F. Supp. 2d at 576 (citing N.J. Stat. Ann. § 52:30-2); N.J. Stat. Ann. § 10:5-1. Furthermore, Plaintiff has not identified, and the Court is not aware of, anything that would suggest Congress authorized the application of the NJLAD to federal enclaves. Accordingly, Plaintiff's NJLAD claim must be dismissed because it is barred by the federal enclave doctrine.

**B. Plaintiff's ADA Claim is Time-Barred**

Defendant contends that Plaintiff's ADA claim must be dismissed because she failed to file a discrimination charge

with the EEOC within 180 days of her termination.  (Def.'s Br.
7.)  Plaintiff argues in response that her claim is subject to
the extended, 300-day limitation period because New Jersey is a
"deferral state."  (Pl.'s Br. 8-10).  In the alternative,
Plaintiff urges the court to equitably toll the 180-day period
and allow her claim to proceed.  (Id. at 10-12.)

**1. The 180-day Limitation Period Applies**

Under the plain language of the statute, in order to file
an ADA claim, a plaintiff must first file an administrative
charge with the EEOC within 180 days of the alleged
discriminatory act.  42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. §
12117(a); see also Seredinski v. Clifton Precision Products Co.,
776 F. 2d 56, 61 (3d Cir. 1985).  However, when a state law
prohibits the alleged discriminatory act and authorizes a state
or local authority to "grant or seek relief" from that act, the
EEOC must initially defer to the relevant state or local
authority and allow it a reasonable amount of time to provide a
remedy.  Seredinski, 776 F. 2d at 61.  Consequently, the statute
extends the 180-day limitation period to 300 days if the
plaintiff "initially instituted proceedings with a State or
local agency *with authority* to grant or seek relief" from the
alleged discriminatory practice.  42 U.S.C. § 2000e-5(e)(1)
(emphasis added).

Plaintiff filed her state-court complaint within 180 days

9

of being fired, but she did not file her charge with the EEOC until 180 days had passed.  Consequently, Plaintiff's EEOC charge was timely only if she was subject to the extended, 300-day limitation period.  Defendant argues that the 300-day limitation period is inapplicable because, in light of the fact that Fort Dix is a federal enclave, no state or local agency is authorized to "grant or seek relief" under the NJLAD for Plaintiff's claim.  (Def.'s Br. 7-9.)

Plaintiff urges the Court to apply the 300-day limitation period because the NJLAD authorizes New Jersey courts to remedy the type of discrimination at issue.  (Pl.'s Br. 8-9.)  Put differently, Plaintiff would have the Court adopt a blanket rule applying the 300-day period in deferral states, even if state law cannot provide a remedy for a particular case.  The Court cannot adopt Plaintiff's reading because it contradicts the plain language of the statute and the purpose of the extension.

Contrary to Plaintiff's assertions, the plain language of the statute provides no support for applying the 300-day period when the EEOC is not required to defer to state authorities. The statute expressly limits the 300-day limitation period to cases in which a plaintiff files a claim with a state body *authorized* to grant or seek relief from the discrimination alleged.  42 U.S.C. § 2000e-5(e)(1).  Since Fort Dix is a federal enclave, the New Jersey Superior Court cannot provide a

10

remedy under state law, and the EEOC need not defer to State proceedings.  See supra Part IV(A).

Furthermore, the purpose of extending the limitation period in deferral states is to avoid prejudicing plaintiffs' federal rights while the EEOC defers to state proceedings.  Mohasco Corp. v. Silver, 447 U.S. 807, 821 (1980).  When the EEOC is not required to defer, the basis for extending the statute of limitations does not apply because the Plaintiff can bring a federal action from the start.  Id.  Therefore, the most natural application of the statute is to treat federal enclaves the same as non-deferral states.

The Second Circuit addressed this same issue in Dezaio v. Port Auth. of N.Y. & N.J., 205 F.3d 62 (2d Cir. 2000), and reached the same result.  In that case, the plaintiff sued his employer, the Port Authority of New York and New Jersey ("Port Authority"), for age discrimination.  Dezaio, 205 F.3d at 63.  It was undisputed that the events on which plaintiff's claim was based had occurred in New York, a deferral state.  Id. at 64.  Nevertheless, the Second Circuit applied the 180-day limitation period and barred plaintiff's claim since the Port Authority's internal operations were not subject to New York's anti-discrimination laws.  Id. at 65.  The court explained that, "even in a deferral jurisdiction like New York, where the State's fair employment practices agency has no jurisdiction

11

over the employer, that employer is to be viewed as if it were in a non-deferral State." Id.  Like the Port Authority, Eberle must be treated as if it were in a non-deferral state since it is not subject to the NJLAD when it operates on Fort Dix.

Aside from the statute itself, Plaintiff cites only to the EEOC's website and Miller v. Beneficial Mgmt. Corp., 977 F.2d 834 (3d Cir. 1992), to support a blanket 300-day period in deferral states.  (Pl.'s Br. at 9-10.)  Neither of these sources is convincing.  The Court cannot adopt Plaintiff's interpretation of the statute on basis of the EEOC website, which is meant to provide general information to the public and is not a legal authority, particularly when that interpretation contradicts the plain language of the statute.  Moreover, Plaintiff's reading of the statute contradicts the EEOC's own regulations which provide that a "jurisdiction having a FEP [fair employment practices] agency without subject matter jurisdiction over a charge . . . is equivalent to a jurisdiction having no FEP agency."  29 C.F.R. § 1601.13(a)(2).

As for the Miller case, it is clear that the Third Circuit's statement that the 300 day period applies in deferral states was not intended to apply to the present case.  Miller, 977 F.2d at 842.  The case on which the Miller court relied for that proposition clearly states that "the time for filing a charge depends on whether deferral applies."  Seredinski v.

12

Clifton Precision Products Co., 776 F.2d 56, 63 (3d Cir. 1985);

Miller, 977 F.2d at 842.  Thus the statement that the 300 day

rule applies in deferral states is best seen as a rule of thumb

or a gloss on the text of the statute, not a complete statement

of the law.  In cases like this one, where deferral does not

apply even though the alleged discriminatory act occurred in a

deferral state, there is no basis for extending the time for

filing with the EEOC.

Accordingly, in the absence of equitable tolling,

Plaintiff's ADA claim is barred because she failed to file a

discrimination charge with the EEOC during the 180-day

limitation period.

### 2. Equitable Tolling Does Not Apply

Plaintiff argues that, even if the 180-day period applies,

that period should be equitably tolled because she timely filed

in the wrong forum.  (Pl.'s Br. 10-12.)  Filing a timely charge

with the EEOC is "not a jurisdictional prerequisite to suit in

federal court, but a requirement that, like a statute of

limitations, is subject to waiver, estoppel, and equitable

tolling.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385,

392-93 (1982).  Equitable tolling is appropriate only when "the

principles of equity would make the rigid application of a

limitation period unfair."  LaCava v. Kyler, 398 F.3d 271, 275-

276 (3d Cir. 2005) (quoting Miller v N.J. Dep't of Corr., 145

F.3d 616, 618 (3d Cir. 1998)).

The Third Circuit has recognized that equitable tolling can rescue claims otherwise barred as untimely where: "(1) the defendant has actively misled the plaintiff respecting the cause of action, (2) the plaintiff in some extraordinary way has been prevented from asserting his rights, or (3) the plaintiff has raised the precise statutory claim in issue but has mistakenly done so in the wrong forum." School Dist. of Allentown v. Marshall, 657 F.2d 16, 19-20 (3d Cir. 1981) (quoting Smith v. American President Lines, Ltd., 571 F.2d 102, 109 (2d Cir. 1978)); Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009).  However, courts have stressed that equitable tolling is an "extraordinary remedy" that should only be applied sparingly, Hedges v. U.S., 404 F.3d 744, 751 (3d Cir. 2005), not in "garden variety claims of excusable neglect."  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).  Consequently, "a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim." Santos, 559 F.3d at 197 (citing Irwin, 498 U.S. at 96).

Plaintiff argues that her case qualifies for the third type of equitable tolling since, being unaware of the federal enclave doctrine, she mistakenly filed in the wrong forum - the New Jersey Superior Court.  (Pl.'s Br. 10-12.)  More specifically,

14

she asserts that she "should not be punished and her claims dismissed because of a technicality associated with an obscure legal doctrine." (Id. at 12.)

Although there is little case law applying the wrong-forum brand of equitable tolling, a review of the existing case law does not support Plaintiff's position.  The Third Circuit adopted the wrong-forum formulation from the Second Circuit as part of a list of circumstances in which the Supreme Court applied equitable tolling.  Marshall, 657 F.2d at 19-20 (quoting Smith, 571 F.2d at 109).  The Second Circuit in turn derived the wrong-forum formulation from the Supreme Court's decision in Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424 (1965).

The plaintiff in Burnett had filed a federal FELA claim in Ohio state court against his employer, the New York Central Railroad.  Burnett, 380 U.S. at 424.  Although the Ohio courts had jurisdiction over the claim, it was dismissed for improper venue under an Ohio statute which said that personal injury claims against railroads could only be brought in the county where plaintiff resided or the county where the injury occurred. Id. at 425.  When the plaintiff refiled in the proper county, trial court dismissed the claim as time-barred.  Id.

The Court framed its equitable tolling analysis in terms of legislative intent, stating that "the basic inquiry is whether congressional purpose is effectuated by tolling the statute of

15

limitations in given circumstances." Id. at 426-27.  The Court
found that the policy of repose - on which all statutes of
limitations are based – was inapplicable since plaintiff's first
action alerted the defendant that he was "actively pursuing his
FELA remedy." Id. at 429-30.  In making this determination,
however, the Burnett court relied on several important facts
that are absent from the present case.

The most important difference between the instant case and
Burnett is that the plaintiff in Burnett pursued the same cause
of action in both cases.  The Supreme Court has distinguished
Burnett on this basis, stating that "[o]nly when there is
complete identity of the causes of action . . . will the courts
have an opportunity to assess the influence of the policy of
repose inherent in a limitation period." Johnson v. Railway
Express Agency, Inc., 421 U.S. 454, 466 n.12 (1975) (emphasis
added); see also Electrical Workers v. Robbins & Meyers, Inc.,
429 U.S. 229, 238 n.11 (1976).  Here, Plaintiff has not brought
identical causes of action; in the first case she sued pursuant
to the NJLAD, and now she seeks relief under the ADA.  While the
two claims are similar, the Court cannot ignore the unequivocal
nature of the words "complete identity."

The Burnett court also stressed the fact that equitably
tolling Burnett's claim would promote Congress' goal of creating
a uniform statute of limitations for FELA claims.  Burnett, 380

U.S. at 433-34.  If the Court had not tolled the statute, state-court cases brought in an improper venue would suffer a "procedural anomaly" by which the federal statute of limitations would vary depending on whether the state's law allowed venue transfers.  Id.  For example, if Ohio law had allowed the court to transfer Burnett's case to the proper venue, as many states would, the claim would not have been barred since it would not have been dismissed in the first place.  Id.  Here, no such procedural anomaly would result from declining to toll the limitation period.  This is a straightforward and uniform application of the statute which sets a 180-day period unless a state authority has jurisdiction over the claim pursuant to state law.

Moreover, several appellate courts have held in the context of the "extraordinary circumstances" version of equitable tolling – the second of the three types recognized by the Third Circuit – that ignorance of the law and inadequate attorney research do not warrant equitable tolling.  See, e.g., Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); School Dist. of Allentown v. Marshall, 675 F.2d 16, 21 (3d Cir. 1981); Rudaj v. Treanor, 522 Fed. App'x 76, 77 (2d Cir. 2013); Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006); Washington v. Gonzalez, 392 Fed. App'x 559, 561 (9th Cir. 2010); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  The reasoning of

17

the Second Circuit in <u>Dezaio</u>, albeit in a different context altogether, is equally persuasive with respect to equitable tolling: "ignorance of the law excuses no one; not because courts assume everyone knows the law, but because this excuse is one all will plead and no one can refute." <u>Dezaio v. Port Auth. of N.Y. and N.J.</u>, 205 F.3d 62, 64 (2d Cir. 2000).[1]

## V.    Conclusion

Accordingly, for the reasons set forth above, the Defendant's motion [Doc. No. 6-1] is granted pursuant to Rule 12(b)(6).  An order consistent with this Opinion will be entered.


Date: <u>  September 3, 2014  </u>          <u>   s/ Noel L. Hillman   </u>
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[1] The Court also notes that Plaintiff was not prevented from filing a timely charge with the EEOC in any significant way since she waited approximately seven months after filing her state law claim when, even under Plaintiff's reading of the law, she could have filed her EEOC charge after sixty days.